# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

---

| | |
|---|---|
| In Re | |
| STEVEN LAVIER BRISTOL and TARA HOFFMAN | **Bankruptcy Case No. 07-40574-JDP** |
| **Debtors.** | |

---

| | |
|---|---|
| R. SAM HOPKINS, Trustee, | |
| **Plaintiff,** | |
| vs. | **Adv. Proceeding No. 08-8033** |
| TARA HOFFMAN, | |
| **Defendant.** | |

---

## MEMORANDUM OF DECISION

---

**Appearances:**

Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for Plaintiff.

David E. Gabert, Pocatello, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION - 1

## Introduction

In this adversary proceeding, the chapter 7[1] trustee, Plaintiff R. Sam

Hopkins ("Plaintiff"), seeks to avoid the debtor's transfer of a camp trailer

to Defendant Tara Hoffman ("Defendant") pursuant to § 548(a)(1) of the

Bankruptcy Code.  The Court conducted a trial on October 1, 2009, after

which the issues were taken under advisement for decision.  Having now

reviewed the evidence and testimony and considered the arguments of the

parties and the applicable law, the Court makes the following findings of

fact and conclusions of law.  Fed. R. Bankr. P. 7052.

## Facts

On May 18, 2006, Debtor Steven Bristol purchased a new 2005

Dutchman camp trailer for $8,934 from Bish's RV Super Center in Idaho

Falls.  About a year later, he listed the trailer for sale in the classified pages

of the newspaper.  Defendant responded to the advertisement, and after

looking at the camp trailer, expressed her interest in purchasing it.  Debtor

---

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the
Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

MEMORANDUM OF DECISION - 2

and Defendant agreed upon a purchase price of $8,900 in cash.
Arrangements were made for Debtor to deliver the trailer to Defendant's
residence in Chubbuck, Idaho, where Debtor and Defendant would
complete the transaction.

On May 21, 2007, Debtor delivered the camp trailer to Defendant.
He brought along two identical, unsigned bills of sale which he had
prepared on his computer.  Defendant gave Debtor a cashier's check, and
they each signed one copy of the bill of sale and exchanged it with the
other.  Debtor retained the copy bearing Defendant's signature; Defendant
retained the copy bearing Debtor's signature.  The cashier's check was not
offered into evidence at the trial, but Debtor testified, without
contradiction, that it was for $8,900.  However, the purchase price reflected
in the bills of sale was only $6,000.  *See* Exs. 104, 105.  Debtor testified that
he prepared the bills of sale with the lower purchase amount at
Defendant's request.  Later that day, Debtor used the proceeds from the

MEMORANDUM OF DECISION - 3

sale to pay off the lien on the trailer at a local bank.[2]  Thereafter, when the
bank mailed Debtor the title certificate for the trailer, he promptly
endorsed it and mailed it to Defendant.

On July 5, 2007, after receiving the title from Debtor, Defendant
went to the Bannock County Assessor's office to apply for a new certificate
of title for the trailer.  She gave the county clerk the original, endorsed title
certificate and what she thought was the original bill of sale signed by
Debtor.  This bill of sale, however, was not the same one that she received
from Debtor, as it listed the purchase price of the trailer as only $1,000.  *See*
Ex. 100.  In addition, this bill of sale contained what appeared to be the
signatures of both Debtor and Defendant.[3]

After preparing the new title application, the clerk returned it to
Defendant for her review and signature.  At that point, Defendant realized
that the sale price for the trailer listed on the application was incorrect.

---

[2]  Debtor testified that the amount of the bank's lien was "close" to the
purchase price of the trailer, but he could not recall what the exact amount was.

[3]  Debtor testified, however, that he did not sign this bill of sale, nor had
he seen it prior to these proceedings.

MEMORANDUM OF DECISION - 4

Even so, she did not bring that discrepancy to the clerk's attention, and instead, she signed the erroneous application.[4]  She paid the sales tax due on the transaction based on a $1,000 sale price, or $60.

Shortly thereafter, on July 20, 2007, Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code.  Plaintiff was appointed as trustee.  Debtor did not disclose the transfer of the camp trailer to Defendant in his Statement of Financial Affairs ("SOFA"), nor did he include it among his assets in his schedules.  *See* Ex. 101.  During the meeting of creditors, Plaintiff questioned Debtor regarding an itemized deduction for interest on a camp trailer appearing on his tax return that had been given to Plaintiff.  At that point, Debtor candidly revealed he had sold the trailer to Defendant for $8,900.  Plaintiff asked Debtor to amend his schedules.  He also ordered a title report from the Idaho Department of Transportation to verify the transaction.

Debtor amended his SOFA, but instead reported that the amount he

---

[4] Directly above her signature on the application appears the statement: "I . . . certify under penalty of law that all information contained herein is true and correct to the best of my knowledge and belief (I. C. 49-518)."  Ex. 100.

MEMORANDUM OF DECISION - 5

received for the trailer sale was only $6,000.  *See* Ex. 102.  Upon request,

Debtor provided Plaintiff with the bill of sale that contained the $6,000

purchase price.  Debtor's schedules reveal that, at the time of the trailer

transfer, his total liabilities greatly exceeded the sum of his nonexempt

assets.

On September 21, 2007, Plaintiff received the title report from the

Idaho Department of Transportation, which was admitted in evidence at

trial.  Ex. 100.  Included with the report was a copy of the bill of sale with

the $1,000 purchase price which Defendant had given to the clerk at the

Assessor's office.  Plaintiff contacted the Idaho State Tax Commission to

report his findings concerning the inconsistencies in the documentation.

Apparently acting on Plaintiff's report, after its review of the

documentation, the Idaho State Tax Commission determined that

additional taxes were due from Defendant as a result of the sale of the

camp trailer.  On September 25, 2008, it sent a request for payment to

Defendant.  In that letter, admitted in evidence, the tax commission

identified a deficiency of $474, based on 6% of $7,900, or the balance

MEMORANDUM OF DECISION - 6

between the actual purchase price of $8,900 and the reported price of

$1,000.  Ex. 106.  Together with interest of $48 and a fraud penalty of $237,[5]

the total amount due by Defendant was $759.  *Id.*  Defendant paid the

deficiency, including the interest and fraud penalty.

In response to these developments, Plaintiff also commenced this

adversary proceeding against Defendant seeking to avoid the transfer of

the trailer as a fraudulent conveyance pursuant to § 548(a)(1).

## Discussion

Under § 548(a), bankruptcy trustees are empowered to avoid

fraudulent transfers of property made by a debtor within two years of the

filing of a bankruptcy petition.  *Gaughan v. The Edward Dittlof Revocable*

*Trust (In re Costas)*, 555 F.3d 790, 792 (9th Cir. 2009).  Specifically, a trustee

may avoid any transfer of an interest in property of the debtor if the debtor

made such transfer with either the actual intent to hinder, delay, or

_____

[5]  Idaho Code § 63-3046 itemizes various penalties for tax deficiencies.  The
statute provides, in pertinent part, "[i]f any part of any deficiency is due to fraud
with intent to evade tax, then fifty percent (50%) of the total amount of the
deficiency (in addition to such deficiency) shall be so assessed, collected and
paid."  Idaho Code § 63-3046(b).

MEMORANDUM OF DECISION - 7

defraud a creditor, or if the debtor received less than a reasonably

equivalent value in exchange for the transfer at a time when the debtor

was insolvent.  *Id.*; 11 U.S.C. § 548(a)(1).

Plaintiff argues that the latter circumstance applies here.  He

contends that because Defendant certified on her application for title that

she only paid $1,000 for the trailer, she is judicially estopped from now

claiming that a higher amount was actually paid to Debtor for her

purchase of his trailer.  Plaintiff argues that because the trailer was worth

much more than $1,000, and because Debtor was insolvent at the time of

the transfer, he has made out a prima facie case for avoidance of the

transfer of the trailer under § 548(a)(1)(B).  Plaintiff bears the burden of

proving each of the elements under § 548(a)(1) in order to avoid a

fraudulent transfer.  *Murrietta v. Fehrs (In re Fehrs)*, 391 B.R. 53, 73 (Bankr.

D. Idaho 2008).

"Judicial estoppel is an equitable doctrine that precludes a party

from gaining an advantage by asserting one position, and then later

seeking an advantage by taking a clearly inconsistent position."  *Hamilton*

MEMORANDUM OF DECISION - 8

*v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  The key

purpose of the doctrine is to "protect the integrity of the judicial process,"

but the contours of the doctrine have not been sharply defined.  *New*

*Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001).  Although the Supreme

Court has explained that "[t]he circumstances under which judicial

estoppel may appropriately be invoked are probably not reducible to any

general formulation of principle," *Id.* at 750, the Ninth Circuit has

instructed that the doctrine may be "invoked by a court at its discretion."

*Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990).  The doctrine has been

recognized and applied by this Court in other contexts.  *In re Moore*, 269

B.R. 864, 869-70 (Bankr. D. Idaho 2001); *In re Pich*, 253 B.R. 562, 568-70

(Bankr. D. Idaho 2000).

Judicial estoppel may be invoked not only where a party's prior

statements are made in a judicial proceeding, but also where the earlier

statements are made in a quasi-judicial or administrative action.  *See, e.g.,*

*Ashman v. Comm'r of Internal Revenue*, 231 F.3d 541, 542 (9th Cir. 2000)

(party estopped from making assertions inconsistent with her

MEMORANDUM OF DECISION - 9

representations in her earlier tax returns); *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 604 (9th Cir. 1996) (judicial estoppel applicable even though plaintiff's prior position was taken in a workers' compensation proceeding).  In this case, Defendant signed an application for certificate of title which was later submitted to the Idaho Department of Transportation.  The application listed the sale price as $1,000, and contained a declaration that the information contained therein was correct.  This position is sufficient for judicial estoppel purposes.  In the exercise of its discretion, the Court comfortably concludes that Defendant should be estopped from asserting that she paid anything other than the amount set forth in the title application in this proceeding.[6]

---

[6] Defendant's decision to execute and submit a title application she knew contained false information to the clerk was, at least, foolish.  Arguably, her conduct was criminal.  Idaho Code § 49-518(5) ("It shall be a felony for any person to . . . make a false statement in any application or affidavit required under the provisions of this chapter, or any bill of sale or sworn statement of ownership, or otherwise commits a fraud in any application[.]").  Moreover, as demonstrated by the evidence in this action, the true terms of her deal with Debtor were easily discoverable.  It is perplexing why Defendant would risk the potential adverse consequences of her scheme to save a few hundred dollars in additional sales tax.

MEMORANDUM OF DECISION - 10

Plaintiff argues that because Defendant is estopped from asserting that she paid anything other than $1,000 for the camp trailer, and because it is undisputed that the trailer was worth $8,900, and because it is clear that Debtor was insolvent at the time he transferred the trailer to Defendant, he has met his burden of proving that Debtor received less than a reasonably equivalent value for the trailer, and that he is entitled to a judgment against Defendant for the difference of $7,900. The Court respectfully disagrees.

While judicial estoppel operates to prevent Defendant from taking a position inconsistent with her earlier representation to the Idaho Department of Transportation regarding the sale price for the trailer, it does not absolve Plaintiff of his burden to prove that Debtor received less than a reasonably equivalent value in exchange for the trailer. Without regard to any testimony of Defendant, the overwhelming weight of the evidence in the record indicates that the actual sale price was $8,900, not $1,000. Indeed, it was in response to a question from Plaintiff's attorney at trial that Debtor testified that he actually received $8,900 from Defendant.

MEMORANDUM OF DECISION - 11

This trial testimony is consistent with his earlier statements at the § 341(a)

meeting of creditors, and is corroborated by the letter sent by the Idaho

Tax Commission to Defendant, which establishes that the actual purchase

price was $8,900.[7]

"Judicial estoppel enables a court to protect itself from

manipulation." *In re Pich*, 253 B.R. at 569. However, the doctrine does not

prevent the Court from relying upon competent evidence about the

transaction not offered by Defendant which shows, without contradiction,

that the actual purchase price of the camp trailer was $8,900. Because this

amount is only $34 less than what Defendant paid for the trailer a year or

so before the sale, Plaintiff has not shown that Debtor received less than a

reasonably equivalent value in exchange for the trailer.

## Conclusion

For the reasons set forth in this decision, the Court concludes that

Plaintiff may not avoid the transfer of the camp trailer to Defendant under

§ 548(a). This action will be dismissed. A separate judgment will be

---

[7] That document was also offered into evidence by Plaintiff.

MEMORANDUM OF DECISION - 12

entered.

Dated:  October 27, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 13